UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CHESTER A. BAJAS and Case No. 10-46880
SUSAN L. BAJAS, Chapter 13
 Judge Thomas J. Tucker

 Debtors.
_____/

GLEN WAHRMAN,
and
TERRY WAHRMAN,

 Plaintiffs,

v. Adv. Pro. No. 10-7410

CHESTER A. BAJAS and
SUSAN L. BAJAS,

 Defendants.
_____/

**OPINION REGARDING DEFENDANTS' MOTION TO DISMISS**

This adversary proceeding is before the Court on the Defendants' motion to dismiss all of the claims in Plaintiffs' Complaint. Defendants are the debtors in a pending Chapter 13 case, which they filed on March 5, 2010, and in which a plan was confirmed on December 8, 2010. Plaintiffs, who are not represented by counsel in this adversary proceeding, are creditors in the bankruptcy case. Before the bankruptcy case was filed, Plaintiffs obtained a default judgment in state court against Defendant Chester Bajas for $9,140.00. Plaintiffs filed a timely proof of claim.[1] Plaintiffs were represented by counsel for the first several months of the Chapter 13 case, but have been without counsel since before they filed this adversary proceeding on November 29,

---

[1] Proof of Claim, filed April 2, 2010 (Claim No. 6-1 in Case No. 10-46880).

2010.

Plaintiffs' Complaint seeks a determination that Defendant Chester Bajas's debt to Plaintiffs is not dischargeable under 11 U.S.C. §§ 523(a)(2) and 523(a)(4). Plaintiffs also invoke, and may be attempting to assert claims under, 11 U.S.C. § 548; 11 U.S.C. § 727(c), (d), and (e); 11 U.S.C. § 1325(a); and 11 U.S.C. § 1330(a). The Complaint can also be read as asserting claims pertaining to judgment liens that Plaintiffs claim to have on two parcels of real property owned by Defendants in Wayne County, Michigan.

Defendants filed a motion to dismiss all of Plaintiffs' claims, under Fed.R.Civ.P. 12(b)(6). Plaintiffs filed a timely response to the motion.[2] The Court concludes that a hearing on the motion is not necessary. For the reasons stated in this opinion, the Court will grant the motion to dismiss, in its entirety.

## I. Jurisdiction

This Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1), and Local Rule 83.50(a) (E.D. Mich.). This is core proceeding, in its entirety, under the following subparts of 28 U.S.C. § 157(b)(2): (A), (H), (I), (J), (K), (L), and (O).

## II. Standards governing Defendants' motion to dismiss under Civil Rule 12(b)(6)

Defendants bring their motion to dismiss under Fed.R.Civ.P. 12(b)(6), applicable in this adversary proceeding through Fed.R.Bankr.P. 7012, arguing that all claims in Plaintiffs' Complaint fail to state a claim upon which relief can be granted.

A motion under Rule 12(b)(6) tests the "sufficiency of [a] complaint." *Conley v. Gibson*,

---

[2] Docket ## 4, 10.

355 U.S. 41, 45 (1957). A court must examine the plaintiff's allegations and determine whether, as a matter of law, "the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] court considering a motion to dismiss under Rule 12(b)(6) 'must accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff.'" *Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 605 (6th Cir. 2005)(quoting *Inge v. Rock. Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002)(citing *Turker* v. *Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998))).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court revisited the standards that govern Rule 12(b)(6) motions. In doing so, the Court rejected "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 561 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The Court explained,

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" **requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level**, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]

*Id.* at 555-56 (emphasis added)(citations and footnote omitted). The Court went on to hold that:

3

> stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest [grounds for relief]. Asking for plausible grounds to infer [a right to relief] does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [an entitlement to relief]. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely."

*Id.* at 556 (citation and footnote omitted). *See also Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007)(Fed.R.Civ.P. 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary[.]"))

More recently, in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court reiterated the "plausibility" requirement it announced in *Twombly*, and further explained that concept:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation"). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of

4

> Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

129 S.Ct. at 1949-50 (citations omitted).

### III. Background

Before Defendants filed their Chapter 13 bankruptcy petition, Plaintiffs Glen and Terry Wahrman obtained a $9,140.00 state court judgment, by default, against Chester Bajas, for fraud and breach of contract, after he failed to repair the leaking roof of Plaintiffs' home despite accepting their pre-payment.[3] Plaintiffs claim that they obtained judgment liens on Chester Bajas's real property in Wayne County, Michigan.[4]

It appears that Defendants own two real properties in Wayne County that may be subject to Plaintiffs' judgment liens: 18920 Westmore Street in the City of Livonia, and 2643-2645 5th Street in the City of Trenton.[5] Defendants' confirmed Chapter 13 Plan shows Defendants' intention to keep the Livonia property,[6] which is their residence.[7] In another adversary proceeding already concluded, Defendants sought and obtained a judgment stripping Plaintiffs' junior lien off

---

[3] *See* Proof of Claim No. 6-1 filed in Case No. 10-46880, at 5, 8-10.

[4] *Id.* at 2.

[5] *Id.* at 2; Defendants' Am. Schedule A (Docket # 48 in Case No. 10-46880).

[6] Defendants' 2nd Am. Chapter 13 Plan (Docket # 65 in Case No. 10-46880) at 1.

[7] Defendants' Chapter 13 Voluntary Petition (Docket # 1 in Case No. 10-46880).

of the residence, upon the successful completion of Defendants' Chapter 13 bankruptcy.[8]  The judgment also states that Plaintiffs' claim is to be treated as a general unsecured claim in the bankruptcy case.[9]  In addition to addressing the Livonia property, the confirmed Plan states that Defendants' Trenton property is to be surrendered.[10]

Plaintiffs' lien on the Trenton property remains unaffected, but it may have no value because of prior liens held by other creditors.[11]  And the treatment of Plaintiffs' claim as a general, unsecured claim means that Plaintiffs likely will receive almost nothing under the confirmed Plan.[12]

Plaintiffs no longer have an attorney representing them in the bankruptcy.[13]  Plaintiffs seek to have their claim survive any bankruptcy discharge, based on 11 U.S.C. §§ 523(a)(2) and 523(a)(4).  Plaintiffs' filings complicate matters, however, by also referring to 11 U.S.C. § 1325(a), and by once again taking issue with the lien strip judgment already granted to Defendants in the prior adversary proceeding.

Further complicating matters is the Adversary Proceeding Cover Sheet that Plaintiffs filed

---

[8] Order Granting Summary Judgment, Adv. Pro. No. 10-5831 (Docket # 25), filed November 22, 2010.

[9] *Id*. at 2.

[10] Defendants' 2nd Am. Chapter 13 Plan (Docket # 65 in Case No. 10-46880) at 1, 3.

[11] *See* Proof of Claim 6-1 at 4 (letter from the senior lienholder to Defendants indicating that it is the senior lienholder of the Trenton property); *see also* Defendants' Am. Schedule D (Docket # 48) in Case No. 10-46880 at 8 (showing the value of the property as $120,000 with a claim owed to the senior lienholder in excess of $117,000).

[12] *See* Defendants' 2nd Am. Chapter 13 Plan (Docket # 65) at 4 ("General Unsecured Claims shall be paid $9.47 pro rata.").

[13] [Plaintiffs'] Objection to Motion to Dismiss (Docket # 10) at ¶ 6 ("We fired [our attorney] on October 15, 2010.").

6

with their Complaint.[14] The Cover Sheet permits a plaintiff to check off up to five causes of action in an adversary proceeding. Plaintiffs checked five causes of action: (1) non-dischargeability under 11 U.S.C. § 523(a)(2); (2) non-dischargeability under 11 U.S.C. § 523(a)(4); (3) objection/revocation of discharge under 11 U.S.C. § 727(c), (d), and (e); (4) fraudulent transfer under 11 U.S.C. § 548; and (5) revocation of confirmation.[15]

Defendants' motion seeks dismissal of the adversary proceeding in its entirety under Rule 12(b)(6). The Court will discuss each claim that is even arguably asserted by Plaintiffs.

## IV. Discussion

### A. Nondischargeability under §§ 523(a)(2) and 523(a)(4)

Defendants argue that Plaintiffs' § 523 non-dischargeability claims must be dismissed because they were not timely filed. Fed. R. Bankr. P. 4007(c) requires the filing of an adversary proceeding for non-dischargeability under § 523(c), which includes claims under §§ 523(a)(2) and 523(a)(4), no later than 60 days after the first date set for the meeting of creditors.

Plaintiffs' deadline to file a § 523(c) non-dischargeability action in Defendants' bankruptcy was June 21, 2010, which was 60 days after the first date set for the first meeting of creditors (April 20, 2010).[16] Although Plaintiffs were represented by counsel both before and after June 21, 2010,[17] they missed the deadline. Without explanation, Plaintiffs let 161 days pass

---

[14] Docket # 1 at 3-4.

[15] *Id.*

[16] *See* Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines (Docket ## 9, 12 in Case No. 10-46880).

[17] Plaintiffs' Objection to Motion to Dismiss (Docket # 10) at ¶ 6 ("We fired our [attorney] on October 15, 2010").

7

after the deadline before filing this adversary proceeding.

The deadline for filing a § 523(c) non-dischargeability action is not jurisdictional. Rather, it is subject to the defenses of waiver, estoppel, and equitable tolling. *See Nardei v. Maughan (In re Maughan)*, 340 F.3d 337, 341 (6th Cir. 2003). In *Maughan*, 340 F.3d at 341, the Sixth Circuit held that bankruptcy courts may utilize their inherent 11 U.S.C. § 105(a) power to equitably toll the deadline when appropriate. The Sixth Circuit set forth five factors the courts should consider in deciding whether to apply equitable tolling:

> (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

340 F.3d at 344 (quoting *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)).

In *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)(citation omitted), decided after *Maughan*, the Supreme Court set forth the test for equitable tolling in the federal courts as follows: "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *See also Thomas v. Webb*, 2007 WL 628136, at *2 (W.D. Ky. 2007) (recognizing that *Pace* supersedes *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988), upon which *Nardei v. Maughan* relied); *In re Fellheimer*, 2010 WL 4008461, at *12, 14 (Bankr. E.D. Pa. 2010) (applying *Pace* test in fact-pattern substantively similar to the one currently before the Court). *Contra Newton v. Wells Fargo Fin. Inc. (In re Dill)*, 2008 WL 2357237, at *3 (Bankr. E.D. Tenn. 2008)(applying *Maughan* five-factor test even after *Pace*); *Needs v. Buxton (In re Buxton)*, 2006 WL 3253163, at *5 (Bankr. N.D. Ohio 2006)(also applying *Maughan* five-factor

8

test after *Pace*).

Plaintiffs do not argue that their late filing of the Complaint in this case can or should be excused based on equitable tolling, waiver, or estoppel. Nor do Plaintiffs allege any facts that even arguably could establish equitable tolling, waiver, or estoppel that would save their untimely complaint. *See In re Calpine Corp.*, 389 B.R. 323, 324 (S.D.N.Y. 2008)(citations omitted)("Pro se filings, although held to more lenient standards, are not excused from establishing these elements [of the *Pace* test for equitable tolling].")

In the absence of such equitable tolling, waiver, or estoppel, and in the absence of any sort of notice problem,[18] the Court cannot extend the deadline for a party to file a complaint under § 523(c) unless that party filed a request to extend the deadline *before* the deadline expired. Fed.R.Bankr.P. 4007(c) provides, in relevant part, that "[o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." Fed.R.Bankr.P. 9006(b)(3), provides, in relevant part, that "[t]he court may enlarge the time for taking action under Rule[] . . . 4007(c) . . . only to the extent and under the conditions stated in" Rule 4007(c). Plaintiffs did not file any motion or stipulation to extend the deadline to file a complaint under § 523(c) before the June 21, 2010 deadline expired (or ever, for that matter). Therefore, the Court may not now extend that

---

[18] Plaintiffs do not allege that they did not receive timely notice of Defendants' bankruptcy filing and of the June 21, 2010 deadline for filing a complaint under § 523(c). The record shows that such notice was mailed by the Bankruptcy Noticing Center to Plaintiffs, c/o their attorney Janice M. Mills, on March 11, 2010. *See* Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines, and BNC Certificate of Mailing (Docket ## 9, 12 in Case No. 10-46880). Attorney Mills represented the Plaintiffs in their pre-petition lawsuit against Defendant Chester Bajas, and she represented Plaintiffs in Defendants' Chapter 13 bankruptcy case, from its inception until Plaintiffs fired her on October 15, 2010. And Plaintiffs and their attorney Janice Mills obviously were aware of the bankruptcy case from very early on — they were active in the case from at least as early as April 2, 2010, when Plaintiffs filed their proof of claim (Claim No. 6-1).

9

10-07410-tjt    Doc 14    Filed 03/10/11    Entered 03/10/11 15:08:37    Page 9 of 14

deadline, after the fact.

For these reasons, the Court concludes that Plaintiffs' §§ 523(a)(2) and 523(a)(4) claims are time-barred, and must be dismissed.

**B. Section 548 claim**

Defendants seek dismissal of Plaintiffs' § 548 claim for failing to state a claim upon which relief can be granted. In their Complaint and their objection to Defendants' motion to dismiss, Plaintiffs do not allege that Defendants (*i.e.*, the bankruptcy debtors) transferred any property before filing their bankruptcy petition. Nor do Plaintiffs allege any of the other necessary elements of a fraudulent transfer claim under 11 U.S.C. § 548. Defendants' motion to dismiss Plaintiffs' § 548 claim must be granted.

**C. Section § 727**

Defendants seek dismissal of Plaintiffs' § 727(c)-(e) claims on the basis that Plaintiffs fail to state a claim upon which relief can be granted. Section 727 only applies in chapter 7 cases. *See* 11 U.S.C. § 103(b). Unless and until Defendants' Chapter 13 case is converted to Chapter 7, Plaintiffs cannot seek a denial of Defendants' discharge based on § 727. Plaintiffs' § 727 claims therefore must be dismissed, without prejudice to Plaintiffs' right to refile such claims if and when Defendants' bankruptcy case is ever converted to Chapter 7.

**D. Section 1325(a)**

Plaintiffs appear to assert a claim of some sort against Defendants for "bad faith" under § 1325(a). That section states requirements for confirming a chapter 13 plan, or for modifying a plan post-confirmation. *Shaw v. Aurgroup Fin. Credit Union*, 552 F.3d 447, 455 (6th Cir. 2009) (citing *Americredit Fin. Servs., Inc. v. Nichols* (*In re Nichols*, 440 F.3d 850, 857 (6th Cir. 2006)).

10

Plaintiffs are aware of this, as they previously raised the same "bad faith" arguments in objecting to confirmation of Defendants' Chapter 13 Plan. In their Notice of Objection [to the First Amended Chapter 13 Plan] filed July 2, 2010, and their Notice of Objection [to the Second Amended Chapter 13 Plan], filed November 5, 2010, Plaintiffs alleged that Defendants lacked good faith.[19] They argued their "bad faith" objections at the confirmation hearing held on December 2, 2010, and the Court overruled those objections that day. And the Order Confirming Plan, ¶ 9, filed December 8, 2010, explicitly references the December 2, 2010 hearing and the fact that the Court overruled Plaintiffs' objections.[20] Plaintiffs did not appeal the confirmation order. Accordingly, Plaintiffs are bound by the Court's ruling and confirmation order.

The doctrine of *res judicata* bars Plaintiffs from bringing the same objection to confirmation in this adversary proceeding that the Court already rejected confirming the Plan. *See generally J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996)("The general rule of claim preclusion, or true res judicata, is that a valid and final judgment on a claim precludes a second action on that claim or any part of it.") *Res judicata* applies when the following requirements are met:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Dover v. United States*, 367 Fed.Appx. 651, 653 (6th Cir. 2010)(quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)). All of these requirements are met here. Plaintiffs

---

[19] Docket ## 55, 69 in Case No. 10-46880.

[20] Docket # 74 in Case No. 10-46880.

11

brought their "bad faith" claim under § 1325(a) in their objections to confirmation, and the Court entered a final decision on the merits against Plaintiffs. For this reason, Plaintiffs are precluded from bringing the same "bad faith" claim against Defendants again in this adversary proceeding.

**E. Section 1330(a)**

On their Adversary Proceeding Cover Sheet, Plaintiffs checked the box indicating that they seek revocation of confirmation under 11 U.S.C. § 1330(a). But Plaintiffs filed this action to revoke confirmation nine days *before* Defendants' Chapter 13 Plan was confirmed.[21] Even putting that problem aside, Plaintiffs have failed to state a claim upon which relief can be granted, for revocation of confirmation. Section 1330(a) provides: "On request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under section 1325 of this title, and after notice and a hearing, the court may revoke such order ***if such order was procured by fraud***." 11 U.S.C. § 1330(a) (emphasis added). Under § 1330(a),

> to prove that a debtor obtained a confirmation of his plan by fraud, the creditor must prove: (1) that the debtor made a representation regarding his compliance with § 1330(a) which was materially false; (2) that the representation was either known by the debtor to be false, or was made without belief in its truth, or was made with reckless disregard for the truth; (3) that the representation was made to induce the court to rely upon it; (4) that the court did rely upon it; and (5) that as a consequence of such reliance, the court entered confirmation.

*Nikoloutsos v. Nikoloutsos (In re Nikoloutsos)*, 199 F.3d 233, 238 (5th Cir. 2000)(citation omitted).

Plaintiffs' action to revoke confirmation lacks merit. Plaintiffs do nothing more than

---

[21] Plaintiffs filed this adversary proceeding on November 29, 2010, and the Court entered the Order Confirming Plan on December 8, 2010.

12

check off the box on the Adversary Cover Sheet indicating that they seek to revoke confirmation. Plaintiffs do not allege in their Complaint or in their objection to the motion to dismiss that Defendants obtained confirmation of their Chapter 13 Plan through fraud. Nor do Plaintiffs allege any facts suggesting any fraud of this type. Plaintiffs merely allege that Defendants' *pre-petition* conduct, which led to the pre-petition state court judgment, was fraudulent. Plaintiffs fail to state a viable claim for revocation of confirmation under § 1330(a).

### F. Claim for Plaintiffs to retain their lien on the Livonia property

In their Complaint and objection to Defendants' motion to dismiss, Plaintiffs express a desire to retain their judgment lien on Defendants' Livonia property. As noted above, however, the Court already ruled against Plaintiffs on this matter, in their prior adversary proceeding,[22] and in the order confirming Defendants' Chapter 13 Plan. And Plaintiffs did not appeal either of the Court's prior rulings.

Plaintiffs' claim is barred by the final judgment in the previous lien strip adversary proceeding and the Order Confirming Plan.

### G. Claim pertaining to Plaintiffs' judgment lien on the Trenton property

Plaintiffs' Complaint arguably refers to Plaintiffs' desire to retain their judgment lien on the Trenton property. The Order Confirming Plain, ¶ 3, provides that, unless otherwise stated, lienholders retain the liens securing their claims. The Plan does not "state otherwise," so Plaintiffs have retained any judgment lien that they had on the Trenton property. Thus, Plaintiffs have already obtained the requested relief as to this property.

Further, the confirmed Chapter 13 Plan provides that the automatic stay lifts as to any

---

[22] Adversary Proceeding Case No. 10-5831.

13

10-07410-tjt    Doc 14    Filed 03/10/11    Entered 03/10/11 15:08:37    Page 13 of 14

collateral surrendered upon confirmation. The Plan surrenders the Trenton property. Hence, Plaintiffs received a lift of the automatic stay as to the Trenton property upon confirmation. So Plaintiffs are free to pursue their state court remedies to enforce their lien on this property, subject to the rights and priorities of any other lienholders.

## V. Conclusion

For the reasons stated in this opinion, the Court will enter an order granting Defendants' motion to dismiss this adversary proceeding in its entirety.

**Signed on March 10, 2011**      /s/ Thomas J. Tucker
                                   **Thomas J. Tucker**
                                   **United States Bankruptcy Judge**